**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               CASE NO. 3:11-cv-98-J-34TEM

NAOMI E. KELLEY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on the United States' Motion for Entry of Default Judgment (Doc. #8, Motion), filed March 18, 2011. The Motion was referred to the undersigned on March 21, 2011. To date, no response to the Motion has been filed. For the reasons stated herein, it is respectfully **RECOMMENDED** that Judgment be entered against Defendant and in favor of the United States.

By way of background, the complaint in this action was filed on February 3, 2011 (Doc. #1, Complaint). A Certificate of Service was filed on February 8, 2011 (Doc. #4). On March 9, 2011, Plaintiff filed a motion for entry of Clerk's default, and the default was entered on March 10, 2011 (*see* Docs. #6 and #7). To date, Plaintiff has neither filed an answer, nor any other response.

A party's default is merely an admission of the facts cited in the complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *Am. Res. Ins. Co., Inc. v. Evoleno Co., LLC*, No. 07-0035-WS-M, 2008 WL 4701350, at *3 (S.D. Ala.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Oct. 23, 2008).[2]  Before entering default judgment, the Court must ensure that it has jurisdiction over the claims, and that the complaint adequately states a claim for which relief may be granted.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  In this instance, the undersigned finds jurisdiction is proper pursuant to Title 28, United States Code, Section 1345, which provides original jurisdiction to district courts over any proceeding commenced by the United States.  Even in the context of a default, however, the Court must determine whether there is a "legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

In the Complaint, the United States alleges that Defendant owes the Department of Education $1,917.49 in principal and $407.33 in interest (Doc. #1 at 1).  Attached to the Complaint is a Certificate of Indebtedness, sworn under oath by a representative of the United States Department of Education (Doc. #1, Ex. A).  The Certificate states that Defendant executed a promissory note for a loan under the William D. Ford Federal Direct Loan Program pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.*  The affiant represents that on October 18, 1995, a loan in the amount of $2,625.00 was disbursed to Defendant and, on April 2, 2008, Defendant defaulted on the loan obligation (Doc. #1, Ex. A).

Additionally, the affiant states the Department of Education has credited a total of $2,580.00 in payments from all sources to the balance (Doc.#1, Ex. A).  The affiant concludes that, after application of these payments and with the interest that has accrued

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

on the loan, Defendant owed $2,136.36 as of February 11, 2009.[3]  Interest, however, continues to accrue at a rate of 5.01% per annum, or $.26 per day (Doc. #8 at 8).

On March 9, 2011, counsel for Plaintiff filed a sworn affidavit stating that he ascertained that Defendant is not serving with the armed forces of the United States entitled to protection under 50 U.S.C. App. §§ 501 *et seq* (Doc. #6).

Based on the foregoing, the undersigned finds the evidence provided by the United States sufficiently establishes that entry of Default Judgment, in the amount provided herein, is appropriate.  Thus, it is hereby **RECOMMENDED**:

1. The United States' Motion for Entry of Default Judgment (Doc. #8) be **GRANTED**.

2. That Judgment be entered in favor of the United States in the amount of $2,337.19, plus interest at the rate of 5.01% per annum from March 16, 2011 to the date of Judgment.

3.  That the United States be awarded costs for service and travel pursuant to Title 28, United States Code, Section 1921 in the amount of $25.00**.**

4. That the United States be awarded post-judgment interest at the legal rate established by Title 28, United States Code, Section 1961.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of April, 2011.

Copies to all counsel of record
and *pro se* parties

THOMAS E. MORRIS
United States Magistrate Judge

---

[3] In the Motion (Doc. #8), the United States concluded that, as of March 16, 2011, Defendant owes $2,337.19, plus interest at the rate of 5.01% per annum (Doc. #8 at 2).